You may proceed. May it please the Court, I'm Scott Kendall. I represent PLANS, which is People for the Legal and Nonsectarian Schools. This litigation has been going on for ten years, and PLANS is simply requesting that they have their first bite at the apple, as opposed to what the defendants say is that we're now seeking the third bite of the apple. They wish to be able to present their own case, the one that they intended to present, to the Supreme Court. In this instance, they were not permitted to do that. And the reason they weren't permitted to do that is because the trial court stated in very clear terms that they could not present a witness, even as a percipient witness, if it had been designated by the defendants as being an expert. Now, even the defendants, the Respondents, don't take that position. They explain to the Court why it was perfectly appropriate to exclude this witness, this primary witness, Ms. Staley, because she was properly excluded as an expert. PLANS, however, was not proffering her as an expert. PLANS was proffering her at that point as a percipient witness. And so basically all of the argument that's presented by the Respondents is why she was properly excluded as an expert. Could I ask one question? I noticed when the defendants listed some of their experts, they listed them both as expert and percipient. Correct. Was that true with Ms. Staley? Yes, it is. And it's a very important point. It's on page 24 and 25 on tab 2. It specifically says, Ms. Staley will testify as a percipient and expert witness concerning Anthroposophy, Rudolf Steiner College, the use of Waldorf Methods in the public schools, and Waldorf Methods in the Oak Ridge John Morse teachers. Ms. Staley is a percipient witness. She is the one that designed this curriculum. So let me, just to cut to the chase, you're asking if there's reversal to be able to present the testimony of these individuals as percipient witnesses, not as expert. Correct. And that's what we indicated to the Court. In fact, as this Court decided in Brown v. Woodward, it's really not appropriate to present expert testimony to try to resolve an Establishment Clause issue. As this Court said, the battle of the experts, one group of experts saying they think it's a religion, another group of experts saying that it's just spiritual and therefore doesn't violate the Establishment Clause, is not helpful to either the trial court or to this Court. So defendants, or correction, plans decided that they were going to present their case about Anthroposophy through Ms. Staley and through Dr. Anderson. And in order to do, and then the Court simply said, no, because you didn't disclose this person or these persons. And they had been disclosed from the very beginning of the case. Back in 1999, they'd been disclosed. Their depositions had been taken. There is, could, there isn't any conceivable prejudice to the defendants to have allowed this testimony to take place. None. It doesn't make any sense whatsoever. And then basically the Court's rationale is not true. The judge, the Court said that we can't call her as a percipient witness because the Respondents identified her as an expert. If that was true, then all the Respondents have to do to hide precipient testimony is to identify that person as an expert. According to the trial court, when they do that, and even when they withdraw that witness as an expert, the plaintiffs can't call that witness as a precipient in their case in chief. There's no rule that states that, but that's exactly what the Court said. It says it's a rule. You can't call someone who's a designated expert. You can't call them in your case in chief. That's what the Court said. And there is no rule. The Respondents don't cite a rule that says that. Basically, they conclude that the only, what this all comes down to is she was properly excluded as an expert and Plans only identified her as an expert, which isn't the case. Plans identified her and said that she was, in fact, defendant's expert. And then Plans stated that she was going to be giving testimony about her understandings about these facts. That's precipient testimony. That's not expert testimony. And both parties agreed from the very beginning back in 1999 that she had precipient testimony and that she had expert testimony. And so Plans decided strategically, because of what this Court indicated in Brown v. Brown, that she was going to present that test, present precipient testimony so the trial court could determine whether or not anthroposophy was, in fact, a religion under the Establishment Clause. Do you want to save your remaining time? I would. Thank you, Your Honor. May it please the Court. My name is Michelle Cannon. I'm going to be arguing on behalf of both school district appellees in this matter. I'd like to jump also just to the issue that was raised by Plans counsel in trying to address that for the Court. Plans counsel continues to argue that Ms. Staley was excluded only because she was previously designated as an expert by defendants. That is not the basis of the judge's ruling excluding her. If you turn to page 59 in Plans excerpts of record, the Court makes clear. He asks Mr. Kendall, first time you named Ms. Staley as your witness as described by counsel in your joint pretrial statement, is that the first time you disclosed her as a witness, as an expert? You disclosed her as an expert, right, Mr. Kendall? Correct. Go down further that page. The Court says she may have, and maybe other people are, and you can drag them off the street, that may have percipient knowledge. But you're going to play by the rules in this Court. If you disclose her as an expert, it doesn't work unless you want to dispute what I just heard. If you disclosed her as an expert, it was untimely disclosed, period. I don't understand. Suppose he had only said an expert and not as a percipient witness. What would stop him from calling her as a per – this particular witness as a percipient witness unless you were somehow prejudiced? Because the Court's scheduling orders, this judge's scheduling orders require that witnesses be disclosed as either percipient or expert or both. I know. But these scheduling orders, these are rules designed to achieve just ends. They're not rules in and of themselves. I don't understand. So he has – the judge has this rule, but it doesn't make any sense to me. Suppose they just said it was an expert witness, and then they changed their mind and said, well, we want to call it as a her. Ms. Staley, you're not prejudiced because you knew all along what this witness was generally going to say. I don't understand this as a basis for precluding an expert and possibly putting an end to a case. The reason that it's prejudiced is because while the parties were proceeding pretrial, she was only listed as defendant's expert. That's like saying you were prejudiced because you were prejudiced. No, I'm sorry. I don't think it is. Because here, Ms. Staley had relevant knowledge and information on some teacher training that she did back in 1996. When this case was remanded, the facts were substantially different. What was going on at the schools was different. She was dropped as a witness by defendants. Her – her precipient testimony at that point was irrelevant. So – and then plans listed her as an expert. So we assumed that they intended to call her on her expert testimony, not precipient testimony, which – But when – you know, one of the difficulties – I mean, I've gone through all these. There's pretrial orders from 2001, from 2005. There's amended pretrial orders. There's lists. You know, sometimes they're – they're listed – they're listed as defendant's expert, but what they're going to talk about is not necessarily expert testimony. Well, actually, that's a good point. If you look at how they have Ms. Staley listed under their final pretrial disclosure as defendant's expert, this is what they say she's going to testify about. To describe her understanding of the relationship between anthroposophy, religion, and Waldorf education. The way that's described clearly, the testimony would have been in the form of an opinion. Her understanding of those things. That's not precipient testimony. Well, you see, you're running bump against some of the law about whether you can actually use expert testimony to give an opinion on whether something is a religion as opposed to – I mean, then you're parsing hairs about how she's going to testify. The difficulty I have is when I read the judge's order, he says these people were excluded because they had been previously disclosed as defendant's experts. They were subsequently listed by plaintiff as defendant's experts. Well, so far, the fact that they're listed by the plaintiff as defendant's experts is just a factual thing. And then they say, and they were never disclosed by plaintiff as its expert prior to the deadline. But the plaintiffs are saying they want to call them as percipient witnesses, not expert. So it seems either the judge is under some misapprehension or it's not clear to the judge that they want to be percipient witnesses. The first time Planned said it wanted to call Betty Staley as a percipient witness was on the first day of trial, when it had no witnesses to present in starting its case. And that's when Planned claimed that Betty Staley was its key witness, and she had previously been excluded. I have to ---- I don't understand. So let's assume this witness would have been called. How were you prejudiced by this nonlisting? How were you actually hurt? Is it that you had no idea what she was going to say? As a percipient witness, no. We would not have known what relevant information she had on the bifurcated issue of whether anthroposophy is a religion, which is what that first trial was on. Did anybody say what's the substance of her testimony so that one can make a determination as to whether or not she should be excluded, along with other witnesses, which essentially alters the result of the case? The judge's discussion with Planned's counsel on that precise issue is in the record. It's excerpts of record 52 to 59, where he's trying to get from counsel why Ms. Staley is important and why she should be admitted. She was not admitted, not only because she was an expert who was untimely disclosed, but even if we assume she was a percipient witness and everyone knew that that's what they intended to offer at the time, we did specific and directed discovery to ask, who are your witnesses on this issue, this issue, and this issue involving religion? And she was never disclosed by them on a witness on any of those issues. And that was another ground that the judge excluded her, because she was not disclosed during the discovery process. I know these may seem like technical rules, but these are what we live and die for when we're in a trial court and trying to prepare our own witnesses and our own experts on what the issues at trial will be. I understand, but I still don't understand. If this witness had testified as a percipient witness, how you were somehow irremediably prejudiced and that there could not have been something less than a total exclusion of the testimony. You know, I have on occasion in the district court when something like this has come up, I say, okay, I'll take a day's adjournment, go have a deposition right now and find out what they're going to say and ask whatever questions. You're not telling me how you were really hurt. Don't, you know, you live and die by these rules. It just doesn't do it. It's not a matter of whether we were hurt or would be prejudiced. It was never said that she would be a percipient witness. So when we were going through these exclusions, the motions in limine, it was to exclude her as an expert. It wasn't to exclude her as a percipient witness. Again, plans raise that for the first time on the first day of trial. And that's when the judge requested a proffer because he realized that plans essentially had no witnesses or evidence to prove its case. The other way in which we ---- But what was her role? She had a role in educational planning? In 1995, she assisted these school districts in setting up teacher training for these new programs they were going to implement. That was her role. And that's why she was an important percipient witness when this case first started because she had relevant testimony about how these programs were set up. Fast forward to after the first remand from the Ninth Circuit in 2002, she had long ended any relationship with the school districts, any participation in the training program and was no longer a relevant witness for the defendants. Well, I mean, that really then goes to whether if she were to come in and testify about what she knows about setting up training programs and how they're set up and what this is or isn't, that would then be an evidentiary question as to whether she's really behind the time of where the litigation is now or whether that actually is a foundation. I mean, the fact that it's a religion or not a religion may not change over time, may or may not. That's absolutely true, and that raises another good point. We are talking about the first phase of this trial where the judge was solely going to determine the issue on whether this is a religion. There's no evidence in the record on how Ms. Staley has relevant information, percipient or otherwise, on that issue, on whether anthroposophy is a religion, which is the only issue the trial court was looking at at the first phase in that trial. Can I ask you a question about a possible remedy here? It could be for something less than a new trial. It could be for the judge to hold a hearing to determine whether this witness actually had admissible evidence. And if not, then no further relief is required. It's not necessarily an all-or-nothing proposition, is it? It's not necessarily an all-or-nothing proposition. And what objection would you have to the remedy that I've just suggested? In other words, send it back to the court and say, look, determine first whether or not this person had even had a little hearing, take an offer of proof, and determine whether you would have admit the testimony to begin with. My objection to that would be that Plans has already had numerous opportunities to explain to the trial court why Ms. Staley should be allowed to testify as a percipient witness. On the first day of trial, again, the trial judge asked him, give me a proffer on your witnesses, and that's the first time that Plans brought this up. They had an opportunity when the pretrial orders were first entered and our motion in limine was granted to object to those, and they did not. Apart from Ms. Staley, is there Anderson or Olson? Anderson and Eugene Schwartz were people listed by Plans, which they voluntarily withdrew from their final witness list. So does it boil down to one witness at this point? I believe on their part it boils down to one witness. The defendants did have witnesses and an expert witness. Okay. But there is only one witness on this issue, the disputed issue, and that's Ms. Staley. That's my understanding because they withdrew the other two witnesses, Bob Anderson and Eugene Schwartz. Thank you. Thank you. Could you clarify then, are we only talking about Ms. Staley at this point? No, Your Honor. We are talking about the other two witnesses as well, which were both specifically identified by the Respondents as being having precipient knowledge with regard to this case. And Ms. Schwartz? No, not Schwartz. Olson and Anderson. Olson and Anderson and Staley. And what counsel has indicated several times now, which is a complete inaccuracy, is that Plans brought this up for the first time at the first day of trial. At the first day of trial, the witnesses had already been excluded. And the discussion about all of this happened at the hearing before where the judge said that they could not be used as precipient witnesses. And to the extent that I was to offer a proffer on the first day of trial, the Court said, no, I've already excluded the witnesses. I do not want to hear from you about the witnesses that I've excluded. I do want to hear from you about what you can put on today. And, in fact, I'm not going to. Are there anywhere in the record where prior to the first day of trial you make a proffer or put anywhere in writing what the essence of their testimony is beyond what we see in the witness list? Only that it's in the transcript on the hearing that took place. We said that we're going to offer as a precipient. The judge says, no, you can't offer her as a precipient. And he already closed the door to that. So there was never an actual proffer. That transcript, you're talking now the first day of trial or previously? On the unlimited. Before. The same hearing. That's the hearing where, and they cited it, is where he says that they picked them as an expert. Correct. You, therefore, can't use them as a precipient. And the door was closed. And I think if you read the transcript, it's pretty clear that the door is closed for me to make any proffer because he says it doesn't make any difference. You can't have a precipient witness because they designated this witness as an expert. That's what the judge said. He says it's a rule. It's not a rule. They don't cite any authority that suggests that that's a rule. And it couldn't be the rule. Well, this comes to us, I guess, after trial, in effect, a bench trial at which you didn't have any witnesses. On this issue. On this issue. We have a bunch of witnesses on the second part of the issue. I understand. But on this particular issue, the only witnesses you had were the ones that were excluded. And so the findings and conclusions say you haven't met your burden. Correct. And we acknowledge that at the first day of trial, that with the witnesses that were excluded, we could not meet our burden. And if you take seriously what this Court said in Brown v. Woodland, realistically the only people that could really tell the Court, assuming they testified truthfully, which we knew Ms. Staley would because she was very candid in her deposition, which is devastating to the school's position, which we believe is why they withdrew her as an expert. And we cited some of that transcript to you to give you a flavor of that. How else would, after seven years of litigation, when our witnesses and Respondent made this very clear, they go, this witness was only useful back in 1999, no longer useful in 2007. But in reality, because of all of our initial witnesses, which were people that were involved in the Twin Ridges School, all of their testimony was certainly stale. So the only reasonable testimony that we could put on with regard to anthroposophy, if we weren't going to use experts as indicated in Brown, was to take these people's depositions, find out what they were going to say about what they were doing and why they were doing it. And Ms. Staley says, well, we didn't do this. We tried to sanitize it so it will meet the First Amendment, which is an interesting thing for her to say. Why would you sanitize it unless you understood that it was religious in the first place? There's interesting testimony with regard to that. And she would testify line by line what her school does and how they convert it into a public school system, a public school curriculum. So her testimony is we can't think of anybody that would be better to put on the testimony that this Court says it needs in Brown v. Woodland. And she's candid. She's truthful. She's straightforward. And we believe that we could have met all of our burden of proof on the first issue of the bifurcated trial, is anthroposophy a religion, based on her testimony alone, supported by Dr. Anderson and Dr. Olson. And was there anything, was whatever you wanted to elicit, did that all come out in the deposition? Basically, all that we knew that she was going to say came out in the deposition. We would have probably asked other questions above and beyond that, based on other information that we had. So probably not. There was more information available than what we found out in the deposition  Thank you. Thank you, Your Honor. We do have a question about the motion that was filed with respect to Twin Ridges and what the status is in terms of chartering or not chartering. Do you have a position on that? And then we'll give them an opportunity as well. We believe we have no basis to challenge the factual recitation that was given by the school district. In fact, our research indicates that that seems to be, in fact, what has happened. The issue for plans is that it's not that these schools aren't, they didn't stop operating. They just got put under somebody else's umbrella. So after 10 years of litigation, it would seem that if the court was going to grant the motion as to Twin Ridges, that the door should be left open to then plead in the new school districts or the county board. If the case were to go back, isn't that something more appropriately handled in the district court as a substitution or real party in interest or whatever? Right. All right. Thank you. Thank you. Yes. Thank you. I would just point out that at this point, since Twin Ridges does not sponsor any of the schools that are at issue in this case, there is no remedy that could be entered having to do with Twin Ridges. It truly is moot as to them. The other appellee and school district is still involved in these sorts of schools, and there are likely other districts as well. But Twin Ridges no longer sponsors any of these types of schools. Has somebody stepped into the shoes, in effect, of Twin Ridges? I believe that some of the schools, there were five to six, there was a handful of schools that were being operated by Twin Ridges that were these types of charter schools. I believe that at least several of them are now being sponsored by other school districts in Sonoma County, Napa County, and other northern California counties. Thank you. Thank you.
judges: Noonan, McKeown, Korman